**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HASSAN BILAL, | |
| Petitioner, | Civil Action No.: 15-1765 (CCC) |
| v. | **OPINION** |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | |
| Respondents. | |

**CECCHI, District Judge:**

This matter comes before the Court on the Petition for a Writ of Habeas Corpus filed by Petitioner Hassan Bilal ("Petitioner"), confined at East Jersey State Prison in Rahway, New Jersey, pursuant to 28 U.S.C. § 2254, challenging a sentence imposed by the State of New Jersey for racketeering, arson, and other related offenses. (ECF No. 1.) At this time, the Court must screen the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, to determine if the Petition should be dismissed because Petitioner is not entitled to relief. For reasons stated below, the Court will allow Petitioner thirty days to show cause why the Petition should not be dismissed as time-barred.

**I.      BACKGROUND**

Petitioner was convicted and sentenced by the State of New Jersey for racketeering, arson, and other related offenses on July 23, 2001, after a jury trial. (ECF No. 9 at 1-2.) The conviction and sentence were affirmed, and certification was denied by the New Jersey Supreme Court on February 16, 2005. (*Id.* at 2.)

On April 13, 2005, Petitioner filed for post-conviction relief ("PCR"). (*Id.* at 55.) On April 26, 2011, the PCR application was denied. (*Id.* at 56.) Petitioner appealed the PCR denial on October 5, 2011, and the denial was upheld by the Appellate Division on August 9, 2013. (*Id.*) Certification was denied by the New Jersey Supreme Court on March 14, 2014. (*Id.*) Currently before the Court is the Petition filed on March 10, 2015.

## II.    LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4. Dismissal without the filing of an answer is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." *Id.*; *see also McFarland*, 512 U.S. at 856; *Thomas*, 221 F.3d at 437 (a habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III. DISCUSSION

AEDPA requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). As applied here, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the AEDPA one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003); *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

The one-year limitation is tolled while a valid state post-conviction review is pending. 28 U.S.C. § 2244(d)(2). This tolling excludes the period for filing a petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)).

Even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). "AEDPA's limitation period 'does not set forth an inflexible rule requiring dismissal whenever its clock has run.'" *Id.* at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."

*Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs*, 2009 WL 1307449, at *3 (internal citations omitted).

"The diligence required for equitable tolling purposes is reasonable diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding *pro se* does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800.

Here, Petitioner's conviction and sentence were final 90 days after the New Jersey Supreme Court's February 16, 2005 order, ECF No. 1 at 3, denying certification for his direct appeal. Petitioner timely filed for PCR on April 13, 2005, ECF No. 9 at 55, tolling the statute of limitations period while his application was pending in the PCR trial court. His PCR application was denied approximately six years later, on April 26, 2011. Although Petitioner claims to have filed a timely appeal, (ECF No. 9 at 56), he did not. Petitioner's time to appeal expired on June 10, 2011 pursuant to New Jersey law, which requires an appeal be filed 45 days after a denial. *See* N.J. Court Rules, R. 2:4-4(a); *Lombardi v. Masso*, 207 N.J. 517, 540-41 (2011). His appeal was filed on October 5, 2011, meaning the AEDPA statute of limitations period ran for 117 days before the appeal was filed. To the extent Petitioner's argument is that the state court had accepted his PCR appeal as timely, when an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the

state appeals court, federal statutory tolling does not include the period between the expiration of time to appeal and when the appeal was actually filed. *Swartz v. Meyers*, 204 F.3d 417, 423 n.6 (3d Cir. 2000) ("We . . . agree that the time during which Swartz's *nunc pro tunc* request for allowance of appeal was pending does not toll the statute of limitation."); *see Lee v. Hastings*, No. 13-2190, 2015 WL 5177619, at *3 (D.N.J. Sept. 3, 2015) ("[O]n federal habeas review, this Court is governed by federal rules, case law, and statutes regarding the timeliness of federal habeas petitions."); *Anderson v. Goodwin*, No. 08-5183, 2010 WL 3812366, at * 7 (D.N.J. Sept. 22, 2010) ("[W]hile Anderson's state PCR petition may not have been untimely under state law, it certainly was untimely under the federal statute of limitations for habeas actions.").

Assuming that the appeal was accepted by the state court as properly filed, the one-year limitations period was tolled again while the appeal was pending, until the New Jersey Supreme Court denied certification on March 14, 2014. *See Gibbs v. Bartkowski*, 603 F. App'x 119 (3d Cir. 2015). Because, as noted, Petitioner had already used 117 days of his 365-day AEDPA limitations period, Petitioner had 248 days remaining, or until November 17, 2014, to file a timely habeas petition in this Court. The instant Petition was not filed until March 10, 2015, which is 113 days after the limitations period expired. *See Houston v. Lack*, 487 U.S. 266, 282 (1988) ("A filing deadline cannot be complied with, substantially or otherwise, by filing late-even by one day.") (quoting *United States v. Locke*, 471 U.S. 84, 100-101 (1985)). Therefore, the Petition is statutorily time-barred.

Petitioner does not appear to make an argument for equitable tolling. In the instant Petition, the section within the standard § 2254 form allowing petitioners to address timeliness issues was left blank. (*See* ECF No. 9 at 13.)

Petitioner alleges, without any factual support, that the Court should "[g]rant an evidentiary hearing where Petitioner may present witnesses who can testify to my innocence[.]" (ECF No. 9 at 15.) While the Supreme Court has recognized "actual innocence" as a good cause to excuse an untimely habeas petition, Petitioner must "persuade[] the district court that, in light of [] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Petitioner's one-sentence conclusory allegation, that witnesses may exist who can testify to his innocence, falls far short of persuading this Court that he was actually innocent. Indeed, in his brief, Petitioner's counsel acknowledged that had a certain witness, Sharon Kelly Doyle, been able to testify, at best she would have raised "reasonable doubt" as to Petitioner's guilt. (ECF No. No. at 95.) On a federal habeas petition, "reasonable doubt" is not sufficient. *See* 28 U.S.C. § 2254(e) (stating that factual determinations by the state court shall be presumed to be correct, and that a petitioner bears the burden of rebutting the presumption of correctness with clear and convincing evidence); *Cruz v. Wetzel*, No. 14-2681, 2015 WL 6855637, at *6 (E.D. Pa. July 30, 2015) ("It is not enough that in light of the new evidence a reasonable doubt may exist as to the [p]etitioner's guilt, the test is even more onerous than that.") (quoting *Cox v. Beard*, No. 12-0285, 2014 WL 556236, at *9 (W.D. Pa. Feb. 13, 2014)).

In the interest of justice, the Court allows Petitioner 30 days to show cause why the Petition should not be dismissed as time-barred.

## IV. CONCLUSION

For the reasons set forth above, Petitioner shall have 30 days from the date of entry of the accompanying Order to show cause why the Petition should not be dismissed as time-barred; failure to make such showing will result in the dismissal of the Petition.

_____
Claire C. Cecchi, U.S.D.J.

Dated: Feby 10, 2017