NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

HASSAN BILAL,

               Petitioner,

        v.

THE ATTORNEY GENERAL OF THE
STATE OF NEW JERSEY, et al.,

               Respondents.

Civil Action No.: 15-1765 (CCC)

**MEMORANDUM OPINION
AND ORDER**

**CECCHI, District Judge.**

*Pro se* Petitioner Hassan Bilal, a prisoner confined at the East Jersey State Prison in Rahway, New Jersey, seeks to file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Court previously screened the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and issued an order directing Petitioner to show cause as to why the Petition should not be dismissed as time-barred. (ECF No. 13). Petitioner filed a response. (ECF No. 16).

In the memorandum opinion accompanying the show-cause order, the Court found that because Petitioner filed a 117-day late appeal on his state court denial of post-conviction relief ("PCR"), combined with the filing of the instant Petition 361 days after he had exhausted his state court remedies, the Petition appears untimely. (ECF No. 12 at 5). The Court allowed Petitioner a chance to raise equitable tolling arguments. (*Id.* at 6).

In his response, Petitioner blames the lateness of his PCR appeal on the public defender's office, who represented Petitioner on appeal. However, as held by the Supreme Court, an attorney's miscalculation of the filing deadline is not a ground for equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("Lawrence argues that his counsel's mistake in miscalculating the limitations period entitles him to equitable tolling. If credited, this argument would essentially

1

equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *see also Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."). In the same regard, the Third Circuit has also held that "attorney malfeasance or non-feasance is typically not an 'extraordinary circumstance' which justifies equitable tolling." *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (citing *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004)); *see also Valerio v. United States*, No. 15-1906, 2015 WL 4086577, at *3 (D.N.J. July 6, 2015). As such, even if the lateness of the PCR appeal can be attributed to the public defender's office, that is not a valid ground for equitable tolling. Indeed, the Third Circuit has held that the ability of a petitioner to file a *pro se* appeal, notwithstanding his attorney's failure to file, is grounds for denying equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 773-74 (3d Cir. 2003) (finding that equitable tolling was not warranted because the petitioner could have filed a *pro se* notice of appeal in state court to toll his federal habeas statute of limitations).

Petitioner further argues that tolling is appropriate because the state court accepted the PCR appeal as timely, an argument that the Court already addressed in its previous opinion. (*See* ECF No. 12 at 4-5). "[O]n federal habeas review, this Court is governed by federal rules, case law, and statutes regarding the timeliness of federal habeas petitions." *Lee v. Hastings*, No. 13-2190, 2015 WL 5177619, at *3 (D.N.J. Sept. 3, 2015). Accordingly, this Court and courts in this district have repeatedly held that § 2244(d)'s statute of limitations runs independently from any state-imposed time limits. *See Murphy v. Holmes*, No. 12-3188, 2015 WL 5177640, at *2 (D.N.J. Sept. 4, 2015); *Figueroa v. Buechele*, No. 15-1200, 2015 WL 1403829, at *3 (D.N.J. Mar. 25, 2015); *Anderson v. Goodwin*, No. 08-5183, 2010 WL 3812366, at *7 (D.N.J. Sept. 22, 2010) ("[W]hile Anderson's state

PCR petition may not have been untimely under state law, it certainly was untimely under the federal statute of limitations for habeas actions."). It is inconsequential that Petitioner's PCR appeal was accepted as timely by the state court; federal habeas petitions are governed by the federal habeas statute and federal law.

Moreover, Petitioner is not blameless for the untimeliness of the Petition. "[F]or a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). "To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* at 803 n.29 (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)).

> The word "prevent" requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.

*Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). While the late PCR appeal may have caused the statute of limitations to run for 117 days, Petitioner still had 248 days after exhausting state court remedies to file the instant Petition on time. (ECF No. 12 at 5). Equitable tolling is only available when an extraordinary circumstance *prevented* Petitioner from making a timely filing. *See Rinaldi v. Gillis*, 248 F. App'x 371, 381 (3d Cir. 2007) (finding that equitable tolling was not warranted for the alleged extraordinary circumstance that occurred, when the petitioner still had one-and-one-half months to make a timely filing). As the Supreme Court opined, "[h]ad petitioner advanced his claims within a reasonable time of their availability, he would not now be facing any time problem." *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005).

Finally, Petitioner alerts the Court to a new motion he filed in the state court challenging the validity of his judgment of conviction on procedural grounds. (ECF No. 16 at 7). At the time of Petitioner's filing, however, it appeared that the motion had yet to be ruled upon, and therefore, at this time, the motion does not impact the instant Petition. Moreover, Petitioner has not updated the Court as to the status of his motion. The Court will not stay the matter because Petitioner has filed a motion that challenges a 13-year-old judgment. Accordingly, because Petitioner does not raise a valid argument for equitable tolling, the Petition is dismissed with prejudice as untimely.

Lastly, the Court denies a certificate of appealability. Federal law provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, the United States Supreme Court held that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. 473, 484 (2000). Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that denial of the Petition is correct.

Accordingly, **IT IS** on this __2 9__ day of __May__, 2018,

**ORDERED** that the Petition is hereby **DISMISSED WITH PREJUDICE** as time-barred; it is further

**ORDERED** that a certificate of appealability is hereby **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Petitioner, and shall **CLOSE** the file.

Claire C. Cecchi
United States District Judge